UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 18-109 |
| QUINTON RISIN | SECTION: "E" |

## ORDER AND REASONS

Before the Court is a motion for compassionate release filed by Quinton Risin.[1] For the following reasons, Petitioner's motion is **DENIED without prejudice**.

## BACKGROUND

In November 2018, Risin, along with others, was indicted on a charge of conspiracy to distribute and possess heroin.[2] Risin later pleaded guilty to Count One of the superseding indictment[3] and on November 13, 2019, was sentenced to 60 months imprisonment and a four-year term of supervised release.[4] He is currently housed at FCI Beaumont Medium.[5] At the time of this order, FCI Beaumont Medium has forty-five inmates and twelve staff members positive for COVID-19, and zero inmates who have died.[6] Risin has already contracted COVID-19.[7] On January 8, 2021, Risin filed a motion for compassionate release.[8] The Government opposes Risin's motion for compassionate release.[9] Risin replied to the Government's opposition.[10]

---

[1] R. Doc. 246.
[2] R. Doc. 35.
[3] R. Doc. 122.
[4] R. Doc. 149.
[5] R. Doc. 246.
[6] *See* https://www.bop.gov/coronavirus/.
[7] R. Doc. 246.
[8] *Id.*
[9] R. Doc. 252.
[10] R. Doc. 253.

1

## LAW AND ANALYSIS

**I.   Risin Has Failed to Exhaust His Administrative Remedies for Compassionate Release.**

"'[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances."[11] Finality is an important attribute of criminal judgments and is "essential to the operation of our criminal justice system."[12] Consistent with the principle of finality, 18 U.S.C. § 3582(c) provides courts "may not modify a term of imprisonment once it has been imposed," except in limited circumstances.[13]

As relevant in this case, 18 U.S.C. § 3582(c)(1)(A)(i) provides courts may reduce a term of imprisonment if "extraordinary and compelling reasons warrant such a reduction."[14] However, courts may only consider a motion for a reduction in sentence on the basis of extraordinary and compelling reasons if the exhaustion requirements of § 3582(c)(1)(A) are met. Specifically, § 3582(c)(1)(A) mandates courts may only consider such motions "upon motion of the Director of the Bureau of Prisons" or "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."[15] With respect to the option for the motion to be brought by the defendant, "[c]ourts have recognized [this option] impose[s] a mandatory requirement

---

[11] *Dillon v. United States*, 560 U.S. 817, 824 (2010) (quoting 18 U.S.C. § 3582(b) (brackets in original).
[12] *Teague v. Lane*, 489 U.S. 288, 309 (1989) (plurality opinion).
[13] 18 U.S.C. § 3582(c).
[14] *Id*. § 3582(c)(1)(A).
[15] *Id*.

that a defendant submit a request to the warden of her facility before filing in court."[16] Section 3582(c)(1)(A)'s exhaustion requirement is mandatory and does not enumerate any exceptions.[17]

In this case, the Government argues that Risin has not presented his request for release to Bureau of Prison officials so as to start the 30-day clock that must run before this Court has authority to consider his motion for compassionate release.[18] Risin has not made any showing that either (A) he has made any attempt to fully exhaust "all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on [his] behalf" or (B) he has made any such request to "the warden of [his] facility."[19] In reply to the Government's opposition, Risin argues his motion should be granted based on "extraordinary and compelling reasons," but fails to argue that he exhausted his administrative remedies.[20] Risin has not provided any evidence indicating he provided a request for compassionate release to the warden of FCI Beaumont Medium. The Government represents it contacted the Bureau of Prisons ("BOP") and that "BOP has confirmed that no such request was received."[21]

Because the Court cannot consider Risin's request for compassionate release until he has complied with the exhaustion requirements of § 3582(c)(1)(A), the Court must deny the instant motion without prejudice for failure to comply with the mandatory exhaustion requirements under § 3582(c)(1)(A).

---

[16] *United States v. Weidenhamer*, No. CR-16-01072-001-PHX-ROS, 2019 WL 6050264, at *2 (D. Ariz. Nov. 8, 2019) (citing *United States v. Solis*, No. CR 16-015-CG-MU, 2019 WL 2518452, at *2 (S.D. Ala. June 18, 2019) (denying request because defendant did not request compassionate release from Bureau of Prisons); *United States v. Dowlings*, No. CR413-171, 2019 WL 4803280, at *1 (S.D. Ga. Sept. 30, 2019)).
[17] *United States v. Reeves*, No. CR 18-00294, 2020 WL 1816496, at *1 (W.D. La. Apr. 9, 2020).
[18] R. Doc. 252 at 1.
[19] 18 U.S.C. § 3582(c)(1)(A).
[20] R. Doc. 253.
[21] R. Doc. 252 at 11.

3

## II.     Risin's Request for Release to Home Confinement is Denied.

In addition to requesting a reduction in his sentence pursuant to § 3582(c)(1)(A), Risin requests that "the Court reduce [his] sentence to time served with added conditions of home confinement on an ankle monitor."[22] The Court construes this as a request for home confinement.

District courts may reduce a prison sentence only as permitted by specific statute or rule.[23] 18 U.S.C. § 3621 provides "[t]he *Bureau of Prisons* shall designate the place of the prisoner's imprisonment,"[24] and, pursuant to § 3622, "[t]he *Bureau of Prisons* may release a prisoner from the place of his imprisonment for a limited period," under certain circumstances.[25] As a result, BOP has exclusive authority to determine where a prisoner is housed and the terms of a prisoner's pre-release custody.[26]

Because Risin seeks release to home confinement, his initial remedy is by administrative action within BOP. Following exhaustion, the proper vehicle to challenge BOP's administrative decisions is a petition pursuant to 28 U.S.C. § 2241.[27] A challenge to an administrative decision of BOP pursuant to 28 U.S.C. § 2241 must be filed in the district in which Risin is incarcerated. Risin is incarcerated in Beaumont, Texas.

---

[22] R. Doc. 246 at 1.
[23] *See* Fed. R. Crim. P. 35.
[24] 18 U.S.C. § 3621(b) (emphasis added).
[25] 18 U.S.C. § 3622 (emphasis added).
[26] 18 U.S.C. § 3621(B); *see also United States v. Snead*, 63 F.3d 281, 389 n.6 (5th Cir. 1995) (declining to address the defendant's request that he be allowed to serve the remainder of his sentence on home confinement because "such requests are properly directed to the Bureau of Prisons"); *United States v. Voda*, 994 F.2d 149, 151 (5th Cir. 1993) (sentencing court "may recommend that a sentence imposed under section 3621 be served in a particular prison or jail," but "only the Bureau of Prisons has the actual authority to designate the place of incarceration").
[27] *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000).

Thus, any such motion must be brought in the United States District Court for the Eastern District of Texas, which encompasses Beaumont, Texas.

As a result, the Court denies the motion for home confinement, as this Court lacks authority under 18 U.S.C. § 3622 to direct BOP to transfer Risin to home confinement.

## CONCLUSION

Risin's motion requesting compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) is **DENIED WITHOUT PREJUDICE** to refiling after Risin has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on Risin's behalf or the lapse of 30 days from the receipt of such a request by the warden of Risin's facility, whichever is earlier.

**New Orleans, Louisiana, this 17th day of February, 2021.**

*Susie Morgan*
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**