UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 18-109 |
| QUINTON RISIN | SECTION: "E" |

## ORDER AND REASONS

Before the Court is a second motion for compassionate release filed by Quinton Risin.[1] For the following reasons, Petitioner's motion is **DENIED**.

## BACKGROUND

In November 2018, Risin, along with others, was indicted on a charge of conspiracy to distribute and possess heroin.[2] Risin later pleaded guilty to Count One of the superseding indictment[3] and, on November 13, 2019, was sentenced to 60 months imprisonment and a four-year term of supervised release.[4] He is currently housed at FCI Beaumont Medium.[5] At the time of this Order, FCI Beaumont Medium has zero inmates and five staff members who are positive with COVID-19, and zero inmates and staff members who have died.[6] Risin has already contracted COVID-19.[7]

On January 8, 2021, Risin filed a motion for compassionate release.[8] The Government opposed Risin's motion for compassionate release.[9] Risin replied to the

---

[1] R. Doc. 266.
[2] R. Doc. 35.
[3] R. Doc. 122.
[4] R. Doc. 149.
[5] R. Doc. 246.
[6] *See* https://www.bop.gov/coronavirus/.
[7] R. Doc. 246.
[8] *Id.*
[9] R. Doc. 252.

Government's opposition.[10] This Court denied that motion for compassionate release on the ground that Risin had failed to exhaust his remedies with Bureau of Prison ("BOP") officials and denied Risin's request for home confinement, finding that only the BOP has the exclusive authority to determine where a prisoner is housed and the terms of a prisoner's pre-release custody.[11]

Risin now files his second motion for compassionate release.[12] Risin also sent a sealed letter to this Court that the Court will consider in tandem with the motion.[13] The government again opposes Risin's motion.[14]

## LAW AND ANALYSIS

### I.    Risin Has Exhausted His Administrative Remedies for Compassionate Release.

Courts may consider a motion for a reduction in sentence on the basis of extraordinary and compelling reasons only if the exhaustion requirement of Section 3582(c)(1)(A) is met.[15]  If a defendant submits a request for compassionate release to the warden of his facility, and there is then a "lapse of 30 days from the receipt of such a request by the warden of the defendant's facility,[16] the exhaustion requirement of Section 3582(c)(1)(A) is satisfied, and the Court may consider a motion for compassionate release filed by the defendant.

---

[10] R. Doc. 253.
[11] R. Doc. 255.
[12] R. Doc. 266.
[13] R. Doc. 270 (SEALED). Because this letter is sealed, the Court will not discuss its contents in this Order. In any event, it is not germane to the Court's decision.
[14] R. Doc. 275.
[15] 18 U.S.C. § 3582(c)(1)(A).
[16] *Id.*

Attached to Risin's most recent motion are two letters dated March 1, 2021.[17] The letters are directed to the Warden of FCI Beaumont Medium and the Director of the Federal Bureau of Prisons.[18] In the letters, Risin requests compassionate release and home confinement due to his fear of contracting COVID-19 because of his hypertension and respiratory problems.[19] More than 30 days have passed since Risin sent his requests to the Warden and the BOP Director.[20] Accordingly, the Court finds Risin has now properly exhausted his administrative remedies, and the Court will evaluate Risin's request for compassionate release on the merits.

## II.  Risin Has Not Shown that He Satisfies the Requirements for Compassionate Release.

According to Section 3582(c)(1)(A)(i), a district court may reduce a defendant's term of imprisonment if the court finds "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."[21] The United States Sentencing Commission's relevant policy statement, found in Section 1B1.13, application note 1 of the United States Sentencing Guidelines Manual, sets forth three specific circumstances considered "extraordinary and compelling," as well as a catchall provision:

> 1. Extraordinary and Compelling Reasons. – Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:
>
> (A)    Medical Condition of the Defendant. –
>
> (i)    The defendant is suffering from a terminal illness (*i.e.*, a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (*i.e.*, a probability of death within a specific time period) is not

---

[17] R. Doc. 266-1.
[18] *Id.*
[19] *Id.*
[20] *Id.*
[21] 18 U.S.C. § 3582(c)(1)(A)(i).

required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

(ii)    The defendant is –

(I)    suffering from a serious physical or medical condition,

(II)    suffering from a serious functional or cognitive impairment, or

(III)    experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B)    Age of the Defendant. – The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C) Family Circumstances. –

(i)    The death or incapacitation of the caregiver of the defendant's minor child or minor children.

(ii)    The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D) Other Reasons. – As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).[22]

Risin bears the burden of establishing he is eligible for a sentence reduction under Section

3582(c)(1)(A)(i).[23] Risin is not suffering from a terminal illness, he is not over 65 years

---

[22] U.S. SENTENCING GUIDELINES MANUAL § 1B1.13 cmt. n.1 (U.S. SENTENCING COMM'N 2018).
[23] *United States v. Ennis*, EP-02-CR-1430-PRM-1, 2020 WL 2513109, at *4 (W.D. Tex. May 14, 2020) ("[T]he defendant has the burden to show circumstances meeting the test for compassionate release." (citing *United States v. Stowe*, No. CR H-11-803 (1), 2019 WL 4673725, at *2 (S.D. Tex. Sept. 25, 2019))); *United States v. Wright*, Crim. A. No. 16-214-04, 2020 WL 1976828, at *6 (W.D. La. Apr. 24, 2020) (holding the petitioner has the "burden of showing the necessary circumstances, or a combination of circumstances, that would warrant relief under the compassionate release statute").

old,[24] and he has not argued "family circumstances" warrant a sentence reduction.[25] Accordingly, only subsection (D) of the policy statement is relevant.

### III.    Risin Has Not Presented Any Other "Extraordinary and Compelling" Reasons Warranting a Reduction of His Sentence.

Risin may obtain compassionate release only if the "catchall" provision outlined in subsection (D) of the policy statement is applicable.[26] The "catchall" provision covers "extraordinary and compelling reasons other than, or in combination with" medical condition, age, or family circumstances.[27]

In his motion, Risin argues extraordinary and compelling reasons are present for compassionate release because he suffers from hypertension and respiratory conditions that render him susceptible to COVID-19.[28] First, Risin has already had COVID-19 which provides some protection to him. The Court notes that many federal inmates have received vaccinations, and Risin does not state whether he is or is not one of them. Most importantly, Risin has not provided any medical records to support his position that he has been diagnosed with hypertension or respiratory conditions.

Hypertension and chronic lung conditions are among the CDC's list of COVID-19 risk factors.[29] However, Risin has not met his burden of showing he suffers from these conditions or, even if he does, how these conditions render him particularly susceptible to COVID-19. The CDC's website states  high blood pressure may ***possibly*** make a person

---

[24] R. Doc. 144. According to the birthday in the Presentence Investigation Report, Risin is 38 years old.
[25] R. Doc. 266.
[26] This Court has recently determined that the First Step Act permits district courts to determine what constitutes an extraordinary and compelling reason under subsection (D). *United States v. Pierre*, Cr. A. No. 17-132, 2020 WL 7129884, at *3 (E.D. La. Dec. 4, 2020).
[27] U.S. SENTENCING GUIDELINES MANUAL § 1B1.13 cmt. n.1(D) (U.S. SENTENCING COMM'N 2018).
[28] R. Docs. 266, 266-1.
[29] Centers for Disease Control, People with Certain Medical Conditions, cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.

more likely to contract COVID-19.[30] While chronic lung diseases are also on the CDC's list of factors that may increase a person's risk of severe illness due to COVID-19, Risin has not pointed to evidence establishing he actually has a chronic lung disease; he only states that he has "respiratory conditions."[31] Risin has simply not met his burden of showing that he suffers from his alleged ailments or, that if he does, they are so chronic or severe as to put him at an increased risk of contracting COVID-19 in a facility that currently has no positive-testing inmates.

## IV.    The Section 3553(a) Factors

Even if Risin had demonstrated "extraordinary and compelling" circumstances warranted a reduction in his sentence, he would nevertheless not be entitled to relief under Section 3582, which requires the Court to consider the sentencing factors set forth in 18 U.S.C. § 3553(a). Section 3553(a), which sets forth the factors to consider in initially imposing a sentence, requires the Court to consider:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; [and]
>
> (2) the need for the sentence imposed—
>
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and
>
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner[.][32]

---

[30] *Id.* (emphasis added).
[31] R. Docs. 266, 266-1.
[32] 18 U.S.C. § 3553(a).

Having considered the relevant factors under Section 3553(a), and having weighed the totality of the relevant circumstances, the Court finds the factors weigh against reducing Risin's sentence. On December 6, 2018, Risin was arrested in a sting operation with seven other defendants for conspiracy with intent to distribute over 100 grams or more of heroin.[33] Prior to the instant conviction, Risin had state convictions for the unauthorized use of a vehicle, first degree robbery, aggravated battery, possession of heroin and marijuana, violation of a protective order, and simple battery.[34] The Court finds that, because Risin has served only two years of his five-year prison sentence, a reduction of his sentence would not be sufficient to reflect the seriousness of his offenses, promote respect for the law, provide just punishment for his offenses, or afford adequate deterrence to criminal conduct. Accordingly, the Section 3553(a) factors weigh against reducing Risin's sentence.

## IV.    Risin's Request for Release to Home Confinement is Denied.

In addition to requesting a reduction in his sentence pursuant to Section 3582(c)(1)(A), Risin seeks a "reduction of sentence to time served with added condition of home confinement."[35] The Court construes this as a request for home confinement.

District courts may reduce a prison sentence only as permitted by specific statute or rule.[36] 18 U.S.C. § 3621 provides "[t]he *Bureau of Prisons* shall designate the place of the prisoner's imprisonment,"[37] and, pursuant to Section 3622, "[t]he *Bureau of Prisons* may release a prisoner from the place of his imprisonment for a limited period," under

---

[33] R. Docs. 49, 123.
[34] R. Doc. 144 at pp. 10-12.
[35] R. Doc. 266 at p. 1.
[36] *See* Fed. R. Crim. P. 35.
[37] 18 U.S.C. § 3621(b) (emphasis added).

certain circumstances.[38] As a result, BOP has exclusive authority to determine where a prisoner is housed and the terms of a prisoner's pre-release custody.[39]

Because Risin seeks release to home confinement, his initial remedy is by administrative action within BOP. Following exhaustion, the proper vehicle to challenge BOP's administrative decisions is a petition pursuant to 28 U.S.C. § 2241.[40] A challenge to an administrative decision of BOP pursuant to 28 U.S.C. § 2241 must be filed in the district in which Risin is incarcerated. Risin is incarcerated in Beaumont, Texas. Thus, any such motion must be brought in the United States District Court for the Eastern District of Texas, which encompasses Beaumont, Texas.

As a result, the Court denies the motion for home confinement, as this Court lacks authority under 18 U.S.C. § 3622 to direct BOP to transfer Risin to home confinement.

## CONCLUSION

Risin's motion requesting compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) is **DENIED**.

**New Orleans, Louisiana, this 30th day of April, 2021.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[38] 18 U.S.C. § 3622 (emphasis added).

[39] 18 U.S.C. § 3621(B); *see also United States v. Snead*, 63 F.3d 281, 389 n.6 (5th Cir. 1995) (declining to address the defendant's request that he be allowed to serve the remainder of his sentence on home confinement because "such requests are properly directed to the Bureau of Prisons"); *United States v. Voda*, 994 F.2d 149, 151 (5th Cir. 1993) (sentencing court "may recommend that a sentence imposed under section 3621 be served in a particular prison or jail," but "only the Bureau of Prisons has the actual authority to designate the place of incarceration").

[40] *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000).